EARNEST LEROY BAKER v. STATE

No. 34,516.    May 16, 1962
Motion for Rehearing Overruled June 20, 1962

*E. B. Votaw,* Vidor, and *John O. Young,* Orange, for appellant.

*James A. Morris,* District Attorney, *Roy Wingate,* Assistant District Attorney, Orange, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the felony offense of driving while intoxicated; the punishment, six months in jail and a fine of $500.

Proof was offered of the prior conviction as alleged, and that the appellant was the same person so convicted.

The only dispute on any material issue was whether the appellant was driving his automobile at the time and place in question.

Officer Hudson testified that when he arrived at the scene of an automobile collision, about two or three minutes after he had received a radio dispatch to investigate an accident, he found that two cars "had both started backing out and they backed into each other in the middle of Green Avenue", a public street, and "They were across the center stripe"; that from his investigation he was able to determine that "the cars were still in the same position as where the accident happened," and that prior to the accident "one car was parked on the north side of Green and the other was parked on the south side". Officer Hudson further testified that, in talking with the appellant immediately after he arrived at the scene, he "asked who was driving the cars and Mrs. Peveto said she was driving one and he (appellant) said he was driving the other one". When asked whom Mrs. Peveto struck Officer Hudson replied: "She said he hit her and he (appellant) said she hit him."

The appellant called Mrs. Peveto who testified that when she backed her car out from the south curb she backed into appellant's car which was located where cars are not normally parked, and that the appellant was alone in his car at the time. She further testified that she told the officers that "he must have backed into me".

Testifying in his own behalf, the appellant stated that because of cars already parked at the curb he parked his car a short distance from the curb, entered the lounge, drank a few beers

and later returned and sat on the right hand side of his car; that while waiting for a friend to come and take him home Mrs. Peveto backed her car, which had been parked across the street, into his. He denied that he backed his car into Mrs. Peveto's car or that she backed her car into his in the middle of the street.

It is concluded that the evidence is sufficient to sustain the jury's finding that the appellant drove an automobile upon a public street while intoxicated.

Appellant contends that the trial court erred in refusing to exclude from the record the testimony of Officer Hudson on direct examination that Mrs. Peveto told him she was driving one of the cars and that appellant told him he was driving the other, over his objection that it was not a part of the res gestae.

In the absence of an objection that appellant was under arrest at the time, and in view of the similar testimony of Officer Hudson during cross-examination that Mrs. Peveto said appellant hit her and appellant said she hit him, which was admitted without objection, no error is shown.

The judgment is affirmed.

Opinion approved by the Court.