**Owen Paul KORB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39555.**

Court of Criminal Appeals of Texas.

May 4, 1966.

Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., E. John Emmett, Scott Bradley, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, thirty days in jail and a fine of $200.

It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

The testimony of two officers reveals that immediately after they saw the appellant stop his automobile upon a parking lot they had an opportunity to talk with him, observed his actions and conduct, and smelled the odor of alcohol about him, and expressed the opinion that he was intoxicated.

The appellant testified that he drank three or four bottles of beer at his apartment; that he drank the first beer about 4 p. m. and the others by 7:30 p. m., and after leaving his apartment he was arrested at the parking lot of the Aragon Club about 8:35 p. m.; that he was not in the physical condition as described by the officers when they approached him on the parking lot, and that he was not then under the influence of alcohol, but was nervous due to his sudden arrest.

The jury resolved the issue of intoxication against the appellant, and the evidence is sufficient to support their verdict.

In appellant's brief he contends that, "The trial court erred in having overruled Appellant's Motion for a Mistrial and in having admitted highly prejudicial testimony relating to conversations had with Appellant after his arrest."

To support his contention he states in his brief that, "In the case at bar two sets of conversations, both involving the use of profanity, were sought to be admitted by the State; the conversation at the scene of the arrest, and the conversation at City Hall. It is unquestionable that Appellant was under arrest upon his turnover to the jail supervisor at City Hall; and by the admission of the arresting officer, Appellant was under arrest within minutes of having parked his car at the Aragon Ballroom."

Officer Jones, recalled in rebuttal by the state, testified in part as follows:

"Q Did the defendant ever use any profanity at the scene, in the car, or at the pound or City Hall?

"A Yes.

"Q Would you tell us what some of these words were like?

"A He used words like s— o– b—— —

Appellant's Attorney: Now, if Your Honor, please, I am going to have to object to what the words were like.

"Q What were the words that he used, then?

"A G— d—,. s— o– b——, and words like that.

"Q Did he say these more than once?

"A Numerous times.

"Q Were these directed at you?

"A At times, and sometimes they were not.

"Q Would you say he used these repeatedly?

Appellant's Attorney: Objection.

The Court: That is leading.

"Q Would you tell us whether or not he used these words repeatedly?

Appellant's Attorney: Objection.

The Court: Overruled.

Appellant's Attorney: Exception.

"A Yes.

\*　\*　\*　\*　\*　\*

"Q Will you tell us what the defendant called you as you were taking him to the pound?

"A He called me several things. He called me a s— o– b——, smart-aleck, cops, m——— -f——— and words like that.

"Q These words then were directed at you?

"A Yes."

 In the absence of an objection to such testimony on the ground that the appellant was under arrest at these times, the contention in light of the purported objections made did not preserve anything for review. Further, it appears that any statements made at the scene were res gestae. No error is presented. Baker v. State, 172 Tex.Cr.R. 447, 358 S.W.2d 131.

The other complaints about the use of profanity by the appellant as that complained of above were waived upon the introduction of the foregoing testimony without objection. Lowrey v. State, 163 Tex.Cr.R. 241, 290 S.W.2d 532.

The judgment is affirmed.

Opinion approved by the Court.