**Wilborn ALCORN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40392.**

Court of Criminal Appeals of Texas.

June 7, 1967.

J. Harlan Fleming, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Charles Butts and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Judge.

## OPINION

The conviction is for robbery by firearms; the punishment, forty years.

Trial was before a jury upon appellant's plea of guilty.

Evidence was presented by the state showing appellant's guilt of the offense charged.

The state also offered in evidence certain authenticated prison records and the testimony of a fingerprint expert which showed that appellant had been previously convicted, in both federal and state courts, of two felony offenses.

In his brief filed in the trial court, appellant insists that by the admission of such evidence of his prior criminal record he was denied due process of law under both the State and Federal Constitutions.

In support of his contention, appellant insists that evidence of his prior criminal record was not admissible, under Art. 26.14, Vernon's Ann.C.C.P. of 1965, upon his plea of guilty before a jury. Rojas v. State, Tex.Cr.App., 404 S.W.2d 30, is cited in support of his contention.

The record reflects that the only objection made by appellant to the evidence of which he now complains was to state's exhibit #3, on the ground that the fingerprints contained therein were illegible and could not be compared. The fingerprint expert who testified in the case swore that he could make comparisons by use of the exhibit. Appellant's objection went to the weight of the evidence rather than to its admissibility.

We do not agree that the admission in evidence of appellant's prior criminal record was error.

Recently, in Miller v. State, Tex.Cr.App., 412 S.W.2d 650, we said:

"It is the established rule that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the state is for the jury's benefit in fixing punishment. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460."

In Rojas v. State, supra, cited by appellant, Judge Woodley, writing for this court on the state's motion for rehearing, said:

"In view of the provision of Art. 37.07, Sec. 2(b), evidence may now be offered before a jury impaneled to assess the punishment 'as to the prior criminal record of the defendant, his general reputation and his character,' whether such jury is impaneled pursuant to Art. 26.14 or after the jury verdict of guilty has been returned."

The ground of error is overruled.

The judgment is affirmed.