**Robert Earl RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43969.**

Court of Criminal Appeals of Texas.

June 23, 1971.

**374**

Randy Taylor, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment was assessed at 25 years.

The appellant Russell was indicted with Ernest Howard Owens and Thomas Gene Morris for the robbery of one Bobby Moore on October 21, 1968, in Dallas County, Texas. The appellant and Owens were jointly tried.

The sufficiency of the evidence is not challenged. Suffice it to say the evidence reflects that at approximately 3:45 a. m. on the date in question Moore, the night manager of a Good Luck Service Station located in Dallas County, was robbed at gunpoint of $540.00 by three men, two of whom he identified at the trial as the appellant and Owens.

Appellant's first ground of error complains of the trial court's action in overruling his objection to admission into evidence of a pistol found at or near the location of Owens' arrest.

Testimony was offered at approximately 1:30 a. m. on November 4, 1968, that Dallas police officers arrested Owens and co-indictee Morris walking near a closed station located by a bridge. After they had been taken to jail Officer Metcalfe related that in a search of the area of the arrest a pistol was found which was wet from the dew, but not rusty.

When the pistol was offered Owens' counsel did not object but appellant's counsel did in the following language:

"We will object to this on the grounds it is irrelevant, immaterial and incompetent. We further object on the grounds that the State has failed to lay a proper predicate and it is prejudicial and inflammatory."

The objection was overruled.

The State's brief answers this contention by asserting:

"It is a long established rule that an objection to admission of evidence must be specific and must state the grounds of the objection or the same will not be considered. It is also a well settled rule that an objection that the evidence is irrelevant, immaterial and incompetent is but a general objection which is like no objection at all. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 41; Hinkle v. State, Tex.Cr.App., 442 S.W. 2d 728; Spencer v. State, Tex.Cr.App.,

438 S.W.2d 109; Smith v. State, Tex. Cr.App., 437 S.W.2d 835; Alcorn v. State, Tex.Cr.App., 415 S.W.2d 666; Korb v. State, Tex.Cr.App., 402 S.W.2d 166; Vaughn v. State, 136 Tex.Cr.R. 455, 125 S.W.2d 568. Such being the case, the trial court did not err in overruling appellant's objection and admitting the pistol into evidence.

"Though not raised on appeal, appellant's objection that the proper predicate had not been laid for the introduction of the pistol into evidence is also too general an objection to merit consideration. See 56 Tex.Jur.2d, Sec. 171; Bennett v. State, Tex.Cr.App., 394 S.W.2d 804.

"It should also be noted that the appellant did not request a limiting instruction or charge to the jury that they should not consider the pistol in their deliberations on his guilt or innocence. This pistol was clearly admissible into evidence against Owens.

"Therefore, since the appellant's objection was too general and since he did not request a limiting instruction to the jury, no error is presented."

We agree. Ground of error #1 is overruled.

If we correctly understand appellant's next contention, it is that the trial court erred in refusing to permit him to testify concerning all of the lineups in which he was placed, regardless of whether connected with the instant charge or not.

Bobby Moore, the complaining witness, testified he viewed only one lineup and that the appellant and Owens were not in such lineup. He revealed that of the three men who robbed him, only Morris was in the lineup he viewed.

The court expressly stated that he would permit the appellant to offer any testimony to show that the complaining witness viewed a lineup containing either Owens or the appellant, but would refuse to permit him to show evidence of other lineups in other cases not connected with the instant offense.

It is clear that the trial court was only attempting to require the appellant to show the relevancy of other lineups before the same could be offered.

The appellant did not perfect his bill of exceptions to show what testimony he would have offered if he had been permitted to do so. Nothing is presented for review.

The judgment is affirmed.