**James Troy HOWARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44758.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied June 7, 1972.

Henry V. Sanchez, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Alvin A. Horne, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary with intent to commit theft with the punishment, enhanced by a prior conviction of burglary under the provisions of Article 62, Vernon's Ann.P.C., being assessed at twelve years.

The record reflects that Officer Reames, an off-duty Houston police officer, was working as a security guard at the Houston Teachers Credit Union during the early morning hours of February 21, 1970. About 1:30 A.M., on this date, a large concrete block was thrown through the glass bottom portion of the east door to the building. Reames identified appellant as the person who entered the building through the broken door. Reames testified that, when appellant was twenty to twenty-five feet away from him, he ordered him to stop and, when appellant turned, he fired a shot gun toward him.

According to Reames, appellant ran to the broken door, crawled through it, and escaped in the dark. Reames saw appellant at Ben Taub Hospital, in Houston, the following evening where he observed that appellant had multiple gunshot wounds to the lower abdomen and upper thigh region and lacerations on both hands.

Appellant contends that the trial court erred in failing to quash the indictment because of the State's failure to take appellant before a magistrate and inform him of the charges against him and advise him of his constitutional rights.

In Montoya v. State, 464 S.W.2d 853, this Court said:

"An accused who has been arrested should be taken before a magistrate without unnecessary delay under Article 14.06, Vernon's Ann.C.C.P., and his rights explained according to Article 15.17 of the Code of Criminal Procedure. Even if this was not done in the present case, no reversible error has been shown. No confession was shown to have been taken or introduced and no reversible error from a failure to take him before a magistrate has been shown. See Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471."

■ As in Montoya, no confession was shown to have been taken or introduced in the instant case, and no reversible error from a failure to take appellant before a magistrate has been shown.

■ Appellant contends the court erred in not granting his motion to quash the indictment on the ground that the term "house" does not put him on notice of the place of the offense in plain and intelligible words, nor of the certainty required as will enable him to plead the judgment in bar of any prosecution for the same offense.

The indictment alleges appellant did "break and enter a house" * * * "belonging to the said William Oatis."

In Thomas v. State, 168 Tex.Cr.R. 544, 330 S.W.2d 201, the accused was charged with burglary of a cafe, in Dallas, and raised the identical complaint made by appellant in this case. In Thomas, this Court said:

"Appellant next insists that the court erred in overruling his motion to quash the indictment on the ground that it did not sufficiently describe the house and premises which were charged to have been burglarized. The indictment charged in the language of the statute the burglary of 'a house' occupied and controlled by the prosecuting witness. This was a sufficient description of the building charged to have been burglarized. 4 Branch's Ann.P.C.2d Ed. par. 2517, page 837."

See Sec. 1921, Willson's Criminal Forms.

No error is shown.

Appellant complains that the prejudicial effect of the introduction of a prior conviction far outweighed its probative relevance to the issue of appellant's credibility, and that the court erred in failing to grant appellant a hearing regarding the admission of his prior conviction for impeachment purposes.

The record reflects that the following occurred which gives rise to appellant's contention:

"Q: All right. Now, I will ask you a question, Troy: Are you the same

James Troy Howard who was on the 3rd of December, 1965, convicted in Cause No. 117,683 for the offense of burglary?

"Mr. Sanchez (Counsel for appellant): I am going to object to the question. It is irrelevant at this time.

"The Court: Overruled.

"Mr. Sanchez: Note my exception.

"A: (By appellant) Yes, sir."

■ Appellant's objection, "It is irrelevant at this time," is too general an objection and fails to present anything for review. In Russell v. State, 468 S.W.2d 373, this Court said:

"It is a long established rule that an objection to admission of evidence must be specific and must state the grounds of the objection or the same will not be considered. It is also a well settled rule that an objection that the evidence is irrelevant, immaterial and incompetent is but a general objection which is like no objection at all. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 41; Hinkle v. State, Tex.Cr.App., 442 S.W. 2d 728; Spencer v. State, Tex.Cr.App., 438 S.W.2d 109; Smith v. State, Tex.Cr. App., 437 S.W.2d 835; Alcorn v. State, Tex.Cr.App., 415 S.W.2d 666; Korb v. State, Tex.Cr.App., 402 S.W.2d 166; Vaughn v. State, 136 Tex.Cr.R. 455, 125 S.W.2d 568."

■ Further, it is noted that Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and the subsequent decision of Gordon v. United States, 127 U.S. App.D.C. 343, 383 F.2d 936 (1967), which extended the Luck doctrine by holding that trial judges had an affirmative duty to exclude conviction records under certain circumstances, were overruled in Taylor v. United States, (D.C. Cir. 8/6/71). Appellant contends that the court should have granted him a hearing on the admissibility of the prior conviction and excluded the same because of its prejudicial effect under the decisions of Luck and Gordon. This Court refused to apply the Luck doctrine in Bustillos v. State, 464 S.W.2d 118. We find the court was not in error in allowing the State to cross-examine appellant regarding a 1965 burglary conviction.

■ Appellant's final contention is that "the conviction should be reversed on the grounds that the verdict is contrary to the weight of the evidence as evident by the objections presented by the appellant." Nothing further is presented by appellant under this contention other than the rights guaranteed to appellant under the "United States Constitution, Texas Constitution and Laws thereof" have been violated. Appellant does not specify which objection he is complaining of in such a way that same can be clearly identified. This contention fails to comply with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., and nothing is presented for review.

Further, if it be appellant's contention that the evidence is insufficient to support the conviction, we must disagree. A careful review of the testimony, the cogent portion of which is set out in the beginning of this opinion, reveals there was ample evidence to support the conviction.

The jury returned a verdict finding appellant guilty of the primary offense, and at the punishment phase, found that appellant was the same person who, prior to the commission of the instant offense, had been convicted of the offense of burglary as alleged in the indictment. The sentence imposed by the trial court reads, "not less than 2 years nor more than 12 years."

The sentence is reformed so as to provide no minimum punishment and to read that appellant be confined for a term of twelve years. Art. 62, V.A.P.C.

As reformed, this judgment is affirmed.

Opinion approved by the Court.