James **FLOWERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45093.

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Melvyn Carson Bruder, Barry P. Helft (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, sixty years imprisonment.

The sufficiency of the evidence is not challenged.

The appellant first urges that he "was prejudiced by the use of an alleged prior conviction against him at his punishment (hearing) when such alleged prior conviction could not be established by the State."

As the appellant did not elect to have the jury assess punishment, it was assessed by the court. During the hearing on punishment, the State introduced proof that the appellant had been convicted of felony theft in a prior case in which probation had been granted and revoked.

The appellant then took the stand and denied that he committed the offense for which the jury had just found him guilty. He also stated "This is the first time I ever got into any kind of trouble and I would like for you to be light on my punishment if you would." Reminded by the court of his prior conviction and revocation of probation, the appellant responded, "I said the first time I ever been in a case like this." During the appellant's cross-examination by the State he was asked if he had been convicted for grand larceny in Greenville, Mississippi. The appellant answered he could not remember being convicted of a felony, but he had been convicted of a misdemeanor; for fighting. In response to interrogation by the court, the appellant said, "I was convicted of stealing but I proved to the people that I wasn't the one that stole it." The State then had marked for identification an F.B.I. identification sheet. The record is not clear but it appears that the identification sheet showed the appellant had been convicted for grand larceny in Greenville, Mississippi on March 17, 1963. The trial judge then stated that the document was plainly hearsay and that he would disregard its contents. Court was then recessed in or-

der that the State might ascertain whether or not the appellant had been convicted for theft in Mississippi. When the hearing was reconvened at a later date, the State rested without offering any proof of a prior conviction of the appellant in the State of Mississippi.

The court, when it is the trier of the facts, is presumed to disregard inadmissible evidence. However, we need not rely upon such presumption. The appellant admitted to a conviction for theft in Greenville, Mississippi, and even so, the trial judge stated in the record that he would disregard the matter about which complaint is made.

The appellant's reliance upon United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) is misplaced. In that case, Tucker was assessed the maximum punishment for bank robbery after he acknowledged three previous felony convictions. A number of years later, it was shown that two of the prior convictions were constitutionally invalid because the appellant did not have counsel in such cases. The Supreme Court of the United States affirmed the order remanding the case to the trial court for reconsideration of the sentence, taking into account that two of the prior convictions were constitutionally invalid. In the case at bar the trial judge specifically stated that he was not considering the complained of matter.

The appellant's next contention is that he "was prejudiced by the District Attorney's questions as to whether he and his companions had been in the victimized store earlier in order to 'case' the place."

The question asked of one of the State's witnesses was "Did they (appellant and his companions) appear to be looking around the store and when they were—." A general objection was sustained and no further relief was requested. No error is shown. Dunlap v. State, 477 S.W.2d 605 (Tex.Crim.App.1971); Williams v. State, 427 S.W.2d 868 (Tex.Crim.App.1967) and

**270**

Burks v. State, 432 S.W.2d 925 (Tex. Crim.App.1968).

■ The appellant also complains that "The trial court erred in permitting the prosecutor to rephrase his questions in order to secure testimony positively identifying the appellant." The witness Cole identified the appellant and thereafter, on cross-examination, his identification was seriously challenged. On redirect examination the State was permitted to ask further questions concerning the identification of the appellant. The matter complained of here is wholly within the discretion of the trial court. A review of the record reveals that the trial court's rulings were entirely correct.

The appellant's fourth ground of error is that "The trial court erred in permitting the prosecutor over objection to infer that a defense witness had been told what to testify to on the witness stand."

■ The question asked was "And he just wanted you to come down here and try to tell this jury that somebody was someplace on a certain day, is that right?" It would appear that this was not an improper question on cross-examination. In any event, if it was error to ask this question, the appellant's objection at the time of trial "to this line of testimony" was not specific enough to preserve error. Russell v. State, 468 S.W.2d 373 (Tex.Crim.App. 1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Crim.App.1969).

The appellant's fifth ground of error is that "The trial court erred in permitting the prosecutor to inquire as to who the appellant's friends were, establishing guilt by association."

No objection was made at the time of trial and no error is preserved. Had a timely objection been made, it appears the questions asked were entirely legitimate.

The judgment is affirmed.

Opinion approved by the Court.