Richard Earl CHAPMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45632.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Bob C. Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. After the jury found the appellant guilty, the court assessed punishment at twenty-five years.

The sufficiency of the evidence is not challenged. All of appellant's contentions concern the admission of testimony which was the result of an alleged improper lineup.

We affirm.

On December 3, 1969, Billy Lane was the manager of the grocery department of a Kroger Store located at Westheimer and Voss Streets in Houston where between $4,000 and $6,000 was taken in a robbery. He testified that the appellant came into the store and purchased a few items and left. He returned and asked Lane for assistance with Christmas trees. Lane accompanied him outside the store and then the appellant pointed a gun at him, handed him a sack and said, "Take it and fill it up." Lane, followed by the appellant, went back inside. Don Mikesa, a cashier of the store, was ordered to open the safe and put the money into the sack. He complied. The appellant then ordered Lane to take the sack of money outside the store and put it into the back seat of a car. Lane noted the license number of the car and gave it to the police.

Mikesa testified to substantially the same facts as did Lane. Mikesa testified that he noticed the facial features of the appellant and a scar between the thumb and finger of his left hand.

Houston Police Department officers found a car with the license number furnished them by Lane in a lot at an apartment complex approximately two blocks from Kroger's. Officers ascertained that the car belonged neither to anyone residing at the apartment complex nor to the appellant. A palm print taken from inside the car near the door handle matched the palm print later taken from the appellant.

The first contention is that the lineup was conducted after charges were filed and when his attorney was not present. The appellant testified at a hearing outside the presence of the jury that on August 7, 1970, he told the officers that he was represented by Mr. Hunt. An attempt was made to get in touch with Mr. Hunt and finally, on August 10, the appellant was taken before Judge Mike Breen where he was asked to sign a request for appointment of counsel. He testified that he did not hear Judge Breen appoint James R. Brown to represent him. He testified that he did not talk to counsel and that he knew of no attorney who was there representing him. No attempt was made to call Attorney Brown at the hearing outside the presence of the jury. Brown was appar-

**586**

ently appointed for the appellant for lineup purposes. Suffice it to say that the record does not show that Brown was absent. It does not show that appellant was denied counsel.

Although it is not clear just what the appellant contends, it will further be considered that he complains that his rights were violated because substitute counsel was appointed for him. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Court left open the question whether the presence of substitute counsel would or would not suffice where notification and presence of counsel for a suspect would result in a prejudicial delay.

The facts in the present case show that the appellant told the officers that Mr. Hunt was his counsel on August 7. Two days later he attempted to engage another attorney. Again he told them Mr. Hunt was his attorney. The following day the lineup was held.

Under these circumstances there was no reason to delay the lineup. The holding of United States v. Wade, supra, was not violated.

 Next, we are confronted with the contention that the lineup was so unnecessarily suggestive and conducive to irreparable mistaken identification as to violate appellant's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

The record reflects that the witness Lane viewed the robber for some five minutes. Lane, as well as Mikesa, testified that this identification was based on the observation of the appellant during the robbery. The main fact relied upon to show a violation of due process was that the appellant was described as four to five inches, and by one witness as a head, taller than the others who took part in the lineup. Apparently the appellant was approximately six feet and four inches to six feet and seven inches in height.

In Glover v. State, 470 S.W.2d 688, this Court held the fact that the defendant was the only blond or blondest in the lineup was not unnecessarily suggestive.

It might be rather difficult to have found enough people the height of the appellant with a scar between the thumb and finger to conduct an ideal lineup. See Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

We hold that the trial court had sufficient evidence to conclude that the in-court identification was of independent origin. See Doby v. State, Tex.Cr.App., 455 S.W.2d 278.

Lastly, it is contended that the court erred in permitting Lane to bolster his in-court testimony of identification by testifying that he identified the appellant at a lineup. Lane was asked by defense counsel, "When did you next see this man?" He answered, "At the lineup." Appellant's counsel objected that the answer was unresponsive. No ruling was made and counsel did not pursue it further. Nothing is presented for review.

No error is shown. The judgment is affirmed.