**Jesse B. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45755.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Robert E. Ford, Abilene, for appellant.

Ed Paynter, Dist. Atty., Britt Thurman, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of assault with intent to commit murder with malice. Punishment was assessed at 10 years' confinement.

Appellant raises four grounds of error.

Initially, the sufficiency of the indictment is challenged. Appellant contends that it is so general, vague and indefinite that it did not enable him to intelligently defend against it. The indictment states that the grand jurors presented:

"  .   .   .   that on or about the 13th day of June, A.D., 1971, and anterior to

the presentment of this Indictment, in the County and State aforesaid Jesse B. Williams did then and there unlawfully with malice aforethought, make an assault in and upon James H. Lister with the intent then and there to kill the said James H. Lister, . . . against the peace and dignity of the State."

The indictment is complete in all respects; it is sufficient to apprise the appellant of the charges against him, to enable him to prepare his defense and to allow him to plead that judgment as a bar to any subsequent prosecution for the same offense. Arts. 21.02 and 21.11, Vernon's Ann.C.C.P.

■ Appellant next contends that error was committed when a witness to the offense was allowed to read from a statement she had earlier given to the police. The record reflects that when the witness so testified and when the statement was admitted into evidence, defense counsel stated: "We will object to that statement." No grounds for objection were ever stated. Appellant's objection was not specific enough to preserve error. Flowers v. State, 482 S.W.2d 268 (Tex.Cr.App.1972); Howard v. State, 480 S.W.2d 191 (Tex. Cr.App.1972).

■ In his third ground of error, appellant complains that the court erred in permitting the prosecuting attorney to "impeach the defendant by wildly reading from his alleged private papers or files in a non informative manner." Appellant contends that the method of impeachment was so prejudicial as to constitute reversible error. The record reflects that on several occasions, when questioned about his prior criminal record, the appellant responded, "I can't remember." Eventually, the following colloquy occurred:

"[PROSECUTOR]: Q Then it goes on down, doesn't it, Williams, it goes down to 10–1–65, 1–23–65, 3–14–65, 6–10–65, 9–18–65, 10–9–65, 2–12–66—

"[DEFENSE ATTORNEY]: May it please the Court, the District Attorney is reading from some list there, and I would like for him, prefer for him to be specific. The statement was: it goes on down, and starts naming off a lot of dates. It is not comprehensible to the Jury nor the witness.

"THE COURT: Let's move on.

"[PROSECUTOR]: Q And it goes on. Let's see. One, two, three, four, five, six, seven, eight, nine—

"[DEFENSE ATTORNEY]: Your Honor, we have the same objection: he keeps saying it goes on. It is not comprehensible to me, the witness, or the Jury.

"THE COURT: All right. Make it more specific, please, Mr. Thurman.

"[PROSECUTOR]: Q Williams, you were arrested one, two, three, four, five, six, seven, eight times in 1966? By the Police Department?

"THE WITNESS: A I can't remember being arrested eight times in '66.

"Q One, two, three, four, five, six. Six times in 1967.

"[DEFENSE ATTORNEY]: Your Honor, counsel is not doing what the Court is asking him.

"THE COURT: He is asking him if he has been arrested that many times, as I understand the question. Is that right?

"[DEFENSE ATTORNEY]: Right."

Even if defense counsel's statements are viewed as proper objections, we perceive

no error.[1]  Defense counsel asked that the prosecutor be more specific in referring to appellant's past record; the prosecutor complied.  Appellant received the only relief requested.  No error is presented.

 In his final ground of error, appellant challenges the sufficiency of the evidence.  The prosecuting witness, a Mr. Lister who was almost totally blind, testified that on June 13, 1971, appellant, without knocking, came into his house.  Lister spoke to appellant but received no reply. Appellant left, then shortly thereafter reentered the house.  Appellant began cursing Lister and demanded some coffee. Lister told him he was going to call the police and when he attempted to do so, appellant struck him, cutting him above the right eye.  Lister continued to struggle with appellant while appellant repeatedly threatened to kill him.  The assault on Lister continued until a neighbor arrived at the scene and ordered appellant to stop the beating.  Lister could not tell what he was being struck with, but he testified that it was not done by a fist.  A pair of brass knuckles was found at the scene.

Appellant testified in his own behalf. He stated that he was invited into Lister's home, and was having coffee with Lister when a dispute arose over a coffee cup belonging to Lister which appellant had left at a friend's house.  Appellant testified that Lister then struck him with brass knuckles, and that he returned the blows only in self-defense.  The jury was charged on self-defense.  They chose to reject appellant's version of the incident; the evidence is sufficient to support their verdict. Appellant has filed a pro se brief; the contentions enumerated therein are without merit.

The judgment is affirmed.

---

1.  While the impeachment was improper under Art. 38.29, V.A.C.C.P., the objection was not sufficient to call it to the trial court's attention.