**Joseph Antonio VASQUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46669.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

---

John Cutler, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and William Olsen, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. The jury assessed punishment at life imprisonment.

The sufficiency of the evidence is not challenged.

Appellant's main contentions are that his rights under the due process clause of the Fourteenth Amendment to the United States Constitution were violated because he was not permitted counsel of his choice and when his appointed counsel was denied the opportunity to question the complaining witnesses prior to a pre-trial lineup. He contends that his in-court identification by a witness was tainted because of a prior photographic display. We overrule these contentions and affirm.

Counsel was told that he could question the witnesses after the lineup if they would talk to him. Gordon Moise, appellant's appointed counsel at the pretrial lineup, testified that the lineup was not impermissively suggestive, the complaining witnesses were not allowed to converse with one another, and each of the complaining witnesses made an independent identification of appellant without suggestion on the part of the police officers conducting the lineup. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), does not require that counsel be allowed to question a complaining witness prior to a lineup. We see no logical reason for permitting such questioning prior to a lineup. Who would judge such a proceeding? What limitation would be imposed? There is no need

for another stage in the judicial process. Appellant's contention is overruled.

■ Next, appellant contends that he should have been given an opportunity to obtain counsel of his own choice for the pre-trial lineup. The evidence shows that appellant was indigent and that he requested counsel be appointed for him. Appellant signed a pauper's oath so that counsel could be appointed for him. See Chapman v. State, Tex.Cr.App., 489 S.W.2d 584. No error is shown.

■ Appellant contends that the trial court erred in allowing the complaining witness, Manuela Guerrero, and another State's witness, D. L. Chen, to make an in-court identification of him. He alleges that such identification was tainted by improper pre-trial photographic lineups. Before either witness was allowed to make his in-court identification, the trial judge conducted a hearing outside the presence of the jury in accordance with the holding of this Court in Martinez v. State, Tex. Cr.App., 437 S.W.2d 842. At the conclusion of this hearing, the trial judge found that the in-court identification of appellant was made independent of any lineup and that both witnesses had adequate opportunity to observe appellant under good lighting conditions at the time of the alleged offense. Such a conclusion is supported by the record. See Dorsey v. State, Tex.Cr. App., 485 S.W.2d 569.

We also note that appellant was positively identified by Frank Schiappa who appellant shot during the commission of the robbery. Carl Butler also identified appellant as the perpetrator of the offense. Butler also testified that he previously knew appellant "from around the neighborhood," that he was called Joe and that he had seen him several times and some two weeks before the robbery.

■ The contention that it was error to exclude 18 to 21 year old persons from the jury panel has already been answered adversely to appellant's position by this Court and we do not now depart from that holding. Shelby v. State, Tex.Cr.App., 479 S. W.2d 31.

No error being shown, the judgment is affirmed.