**Ronnie Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46626.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty. and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, twenty-five years' imprisonment.

The grounds of error presented do not require a statement of the evidence, the sufficiency of which is not challenged.

Appellant contends the State was erroneously permitted to show he had previously been in the State Juvenile Detention Home at Gatesville.

The appellant called his mother as a witness and on direct examination she was asked how long he had lived in her home. She replied: "Ever since he came from Gatesville, that was April 3rd." The record on cross-examination shows as follows:

"BY [THE PROSECUTOR]:

Q Mrs. Brown, you say that Ronnie Brown here has lived with you ever since he came back from Gatesville?

A Yes, sir.

Q All right, and what is Gatesville? What are you referring to?

A A boys home.

[DEFENSE COUNSEL]: If the Court please, we are going to object to this line of testimony.

THE COURT: Overruled.

Q [THE PROSECUTOR]: That is the juvenile detention home, is that right, where he was?

A Boys home."

The witness' answer ". . . a boys home" to the question ". . . what is Gatesville . . .?" was made before the untimely objection to this line of testimony was interposed. See Flowers v. State, 482 S.W.2d 268 (Tex.Cr.App. 1972); Russell v. State, 468 S.W.2d 373 (Tex.Cr.App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969). There was no objection to the next question concerning the juvenile detention home. Nothing is presented for review. See Christ v. State, 480 S.W.2d 394 (Tex.Cr. App.1972); Larocca v. State, 479 S.W.2d 669 (Tex.Cr.App.1972); Palmer v. State, 475 S.W.2d 797 (Tex.Cr.App.1972); Verret v. State, 470 S.W.2d 883 (Tex.Cr.App. 1971).

Complaint is made that the Court did not require the witness Ray Louis Bell to testify. The Court appointed an attorney to represent the witness. The witness invoked his privilege under the Fifth Amendment of the Constitution of the United States stating that he refused to testify on the grounds that his testimony would be self-incriminating. The record does not show that he could have testified to admissible evidence in behalf of the appellant without incriminating himself. The trial court did not err in refusing to force his testimony. See Ross v. State, 486 S. W.2d 327 (Tex.Cr.App.1972); Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App. 1972).

The appellant urges that the witness William Brown waived his Fifth Amendment privilege not to give self-incriminating testimony and that the trial court erred in not requiring him to testify. The trial court appointed counsel to represent William Brown as a witness. Out of the presence of the jury after the witness on advice of counsel had refused to testify and invoked the privilege accorded by the Fifth Amendment to the Constitution of the United States the following testimony was elicited:

"Q [DEFENSE COUNSEL]: Then, you will not tell us, and you will not tell this jury anything that occurred on that night?

A No, sir.

Q Once more, now, will you tell us whether you know of your own knowledge that Ronnie Brown had nothing to do with the robbery of the 7-Eleven on that night?

[THE PROSECUTOR]: Now, Judge —

THE COURT: Will your answer be the same; will your answer be the same that you just gave a while ago? You will have to repeat your answer that you gave a while ago.

THE WITNESS: Will you repeat the question, please?

Q [DEFENSE COUNSEL]: Do you know whether or not Ronnie Brown had anything to do with the robbery of this 7–Eleven Store on the 28th day of January, 1971?

A Do I know whether or not he had anything to do with it?

Q Yes?

A I know he hasn't anything to do with it.

[DEFENSE COUNSEL]: Now, again, we will object to anything he might say about the case or anything he might say about himself that would incriminate him.

THE COURT: Now, you understand that you might incriminate yourself when you answer that question?

THE WITNESS: Yes, sir.

THE COURT: What is your answer going to be to it?

THE WITNESS: I refuse to answer on the grounds it may incriminate me."

■ The appellant's counsel stated into the record that he had talked to the witness Brown prior to trial and had determined that his testimony would be self-incriminating. There was no objection made nor any attempt to show that the witness had improperly invoked or waived his Fifth Amendment privilege. The record fails to show that a demand was made to the Court to require the witness to testify. Since the appellant made no claim at the time of trial that the witness had waived his Fifth Amendment privilege it may not be raised for the first time on appeal. Chapman v. State, 489 S.W.2d 584 (Tex. Cr.App.1973); Rawlinson v. State, 487 S. W.2d 341 (Tex.Cr.App.1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972). We need not determine whether there was such a waiver. No error is presented for review.

■ The appellant's ground of error that the trial court erroneously refused to permit him to show that someone had tampered with the witness Roy Bell, preventing that witness from testifying in the case, is unsupported by the record. The appellant did not offer any evidence to support his contention. See Art. 40.09, Sec. 6(d)(1), Vernon's Ann.C.C.P.; Alardin v. State, 491 S.W.2d 872 (Tex.Cr.App. 1973); Elliott v. State, 475 S.W.2d 239 (Tex.Cr.App.1971).

■ The appellant's last contention is that the appellant was denied the right to file any objections to the trial record and was thereby denied effective and meaningful review of his trial. He contends the trial court approved the record on the day it was certified by the court reporter in violation of Art. 40.09, Sec. 7, V.A.C.C.P. The record shows that the trial court approved the transcription of the court reporter's notes on September 11, 1972. It is not necessary for the trial court to approve the transcription of the court reporter's notes prior to the time they are filed. The record also shows that the clerk certified that he had given notice of the completion of the entire record to the parties on October 6, 1972. No objections to the record appear and the trial court approved the complete record on the 6th day of November, 1972. The requirements of Art. 40.09, Sec. 7, V.A.C.C.P. were met. This ground of error is without merit and is overruled.

The judgment is affirmed.

Opinion approved by the Court.