Edward Wayne BLACKLOCK,
Appellant,

v.

STATE of Texas, Appellee.

No. C14–82–827–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 5, 1984.

Discretionary Review Granted
March 27, 1985

**156**

Laura Foster, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated robbery, TEX.PENAL CODE ANN. § 29.-03 (Vernon 1974), and was sentenced to fifteen years confinement. We reverse the judgment and remand for new trial.

Because of the nature of the grounds of error urged on appeal, a statement of the facts is unnecessary.

In his first ground of error, Appellant claims the trial court erroneously allowed the district attorney to introduce evidence of an unadjudicated extraneous offense during the punishment phase of the trial. On cross examination, Appellant stated "I have never done anything wrong before" and then amended that statement by saying "I have never committed a felony." The State then asked Appellant "[I]sn't it true that you are *charged* with a burglary also that occurred on April 4, 1982?" (emphasis added). Appellant's objection was "we are going to object at this time and move for a mistrial." The trial court overruled the objection. However, the judge later changed his ruling on the objection, instructed the jury to disregard all testimony about the extraneous offense and stated the fact that Appellant was charged with a crime was no evidence that he had done anything wrong, and that it was improper for the State to ask such a question.

The State argues that the objection to the question was too general to preserve error for review, relying on *Williams v. State*, 491 S.W.2d 142 (Tex.Crim.App.1973), and *Dyche v. State*, 478 S.W.2d 944 (Tex. Crim.App.1972). These cases state that an objection which fails to specifically set forth the grounds for the objection will not be reviewed on appeal. In those cases, there was no showing the judge knew or should have known the nature of the objection. In this case, however, Appellant previously made an oral Motion in Limine to keep testimony concerning the extraneous offense from the jury. Since the trial judge granted the Motion in Limine, he was aware of the gist of the objection and the need for Appellant to make a specific objection was obviated.

Further, when the trial judge granted Appellant's Motion in Limine, he instructed the State, in the event such testimony subsequently became admissible, to discuss it "with the court outside of the presence of the jury" before going into it. The State's attempt to circumvent the rul-

ing of the court, and to wrongfully present evidence of an extraneous charge of a crime, served no purpose other than to inflame and prejudice the minds of the jurors. Such prosecutorial misconduct requires reversal. *See Boyde v. State*, 513 S.W.2d 588 (Tex.Crim.App.1974).

We cannot accept the State's position that Appellant opened the door to the admission of the extraneous offense. We realize that while specific acts of misconduct generally cannot be used for impeachment purposes, *Hoffman v. State*, 514 S.W.2d 248, 254 (Tex.Crim.App.1974), evidence of such acts is admissible when the defendant or other witness makes a blanket statement such as never having been in trouble or charged with, or convicted of, an offense. *Id. See also Nelson v. State*, 503 S.W.2d 543 (Tex.Crim.App.1974); *Ochoa v. State*, 481 S.W.2d 847 (Tex.Crim.App.1972); *Stephens v. State*, 417 S.W.2d 286 (Tex. Crim.App.1967). However, Appellant stated that he had never "committed a felony." Merely being charged with an offense would not rebut that statement. It was error for the court to allow the State to attempt to impeach Appellant in that manner, and we cannot say beyond a reasonable doubt that the judge's subsequent instruction to disregard cured any harm caused by the jury knowing of other charges pending against Appellant.

Appellant also argues in his first ground of error that the trial court erred when it allowed the State to ask him "[I]sn't it true" you have been charged with burglary. We agree because the State is not permitted to phrase a question as an affirmative assertion of fact. *Maxwell v. State*, 595 S.W.2d 126 (Tex.Crim.App.1980). We sustain ground of error one.

Our disposition of Appellant's first ground of error makes it unnecessary to address his second ground of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.