

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00088-CR

_____

JED PRUITT HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Hunt County, Texas
Trial Court No. CR08001782

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

### I.    Procedural History

Jed Pruitt Hayes appeals from his conviction for driving while intoxicated (DWI), second offense.  He was sentenced to 365 days in the county jail and a $4,000.00 fine.  Hayes argues on appeal that the trial court committed reversible error by allowing his improper impeachment by use of a 1991 federal conviction when he testified at the guilt/innocence trial and that the evidence is legally and factually insufficient to support the conviction.  In his evidentiary sufficiency argument, Hayes does not contest his intoxication—only whether he was the person driving the vehicle.

### II.    Summary of the Evidence

Hayes was arrested in his pickup truck in the driveway to his home.  There was evidence that he was at a bar earlier in the night and that when he got out of the vehicle, he was intoxicated.  Two of his neighbors, Brian Lunsford and Shawn Gilmore, testified that Hayes was driving the vehicle erratically up and down the road, that he had set a small fire in the open near his house, that they talked to him about setting fires, and that he became verbally abusive.  According to Lunsford, Hayes had bloodshot eyes and "[y]ou could smell alcohol strong."  Lunsford was talking with the deputy who came when Hayes drove his vehicle down County Road 3408, and Lunsford told the deputy, "There he goes right there."  Gilmore likewise confronted Hayes about setting a fire; Hayes got back into his truck and drove off.  Gilmore noticed his bloodshot eyes, staggering gait, slurred speech, and a strong smell of alcohol.  While Deputy Joe Money was talking with Lunsford and Gilmore, Hayes

2

drove by and they pointed him out; Money pursued him until Hayes stopped the vehicle in his driveway. Money saw no one else in the vehicle at that time. Money determined that Hayes was intoxicated; he called for a highway patrolman so that a breath test could be administered to Hayes. He blew over .15 on an Intoxilyzer after being arrested.

The defensive theory was set out by the testimony of Michelle Barnaby. She worked at a restaurant near the bar where Hayes had been drinking. She testified that one of the workers there called her to ask if she could drive Hayes home and that she did so. She testified that after they had parked in front of his trailer house, she had gone to use an outdoor bathroom near his home, and when she saw lights coming up the driveway, she thought it was Hayes' wife, who had been searching for Hayes. Barnaby did not want to get caught between Hayes and his wife, so she ran to a neighboring house.

## III. Prior Conviction Evidence—Error Preservation

We first address Hayes' contention that the court erred by allowing the State to question him about an eighteen-year-old conviction. The conviction was for conspiracy to possess a controlled substance, resulting in an eighty-eight-month sentence. On appeal, Hayes argues that under TEX. R. EVID. 609(b), because the conviction was more than ten years prior to either the date of conviction on April 5, 1991, or the date on which the full eighty-eight months would have elapsed (which would

be seven years, four months later, in August 1998), the court erred by allowing questions to be propounded on that subject.[1]

Hayes filed a motion in limine before trial requesting the trial court to order the State not to mention any extraneous offense until a hearing was held outside the jury's presence to determine admissibility. When the State attempted to impeach Hayes with this 1991 conviction, Hayes objected and the trial court conducted a hearing outside the presence of the jury. During that conversation with counsel, Hayes objected that evidence of the conviction would violate the motion in limine and that the evidence was prejudicial, but he did not object that the conviction used to impeach was too remote to be admissible. *See id.*

To properly preserve error with regard to inadmissible extraneous offense evidence, there must have been a timely request, objection, or motion stating the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint and secure a ruling. TEX. R. APP. P. 33.1. A motion in limine will not suffice as an objection at trial. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). The granting of a pretrial motion in limine will not preserve error; it is necessary that an objection be made at the time the subject is raised during the trial. *Geuder v.*

---

[1]We note that the State also provided notice that it might use a prior conviction for DWI in Hunt County, with the offense occurring June 7, 1996. It seems safe to assume that he was released from federal prison before that date.

*State*, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994).[2]

Here, the motion in limine requested that the State be required to approach the bench before mentioning any extraneous offense.[3] At trial, the objection was that the State had violated the motion in limine; for that, the trial court has the authority to sanction the offending attorney,[4] but an order in limine is not a ruling on the admissibility of the evidence.

Hayes did not object to the remoteness of the conviction at trial; therefore, he failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a); *Basham v. State*, 608 S.W.2d 677, 679 (Tex. Crim. App. [Panel Op.] 1980).

## IV.    Sufficiency of the Evidence

Hayes also contends that the evidence is legally and factually insufficient to support the verdict. In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light

---

[2]We have previously acknowledged a seldom-applied stricture indicating that a motion in limine may in some circumstances be sufficient to apprise the trial court of the basis of a subsequent nonspecific objection at trial. *Thomas v. State*, 1 S.W.3d 138, 143 (Tex. App.—Texarkana 1999, pet. ref'd); *Snellen v. State*, 923 S.W.2d 238, 242 (Tex. App.—Texarkana 1996, pet. ref'd); *Blacklock v. State*, 681 S.W.2d 155, 156 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). This situation does not reach that level. The objection was specific, but complained first of the State's violation of the motion in limine, and second that impeachment was inappropriate. The remoteness of the prior conviction was not mentioned.

[3]We do not find in the record a written order granting the motion in limine, but the parties and the trial judge refer to a "violation" of the motion.

[4]*See Onstad v. Wright*, 54 S.W.3d 799, 806 (Tex. App.—Texarkana 2001, pet. denied).

most favorable to the prosecution and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light instead of the light most favorable to the verdict. We determine whether the evidence supporting the verdict is either too weak to support the fact-finder's verdict, or, considering conflicting evidence, is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong and manifestly unjust. *Id.* at 524; *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Roberts v. State,* 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).

In this analysis, we use a hypothetically correct jury charge to evaluate both the legal and factual sufficiency of evidence. *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

In this case, the sole contested factual issue is whether there was evidence that Hayes was driving the vehicle. Two neighbors and the arresting officer testified that he was driving a vehicle on a public highway. Money testified that he followed the vehicle down the roadway until it stopped in front of Hayes' residence and that although he could not identify Hayes directly as the driver, he

6

saw only one silhouette inside the cab, saw no one else get out, and that Hayes got out through the driver's side door.

Hayes presented testimony from Barnaby that she had driven him home, with an explanation of why she was not in the vehicle with Hayes when the police arrived, and from another person explaining that she had called Barnaby to drive him home. He also testified that the door handle on the passenger side of the vehicle was nonfunctional; thus, he had to exit through the driver's side door.

The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony, and reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The jury may choose to believe some testimony and disbelieve other testimony. *Id*. In this case, that is precisely what occurred. Two different theories of the case were presented, each with competent evidence in support. Not only is the evidence legally sufficient, but we also determine that the State's evidence is not too weak to support the verdict and the verdict is not manifestly wrong or unjust. Therefore, the evidence is both legally and factually sufficient to support the verdict. The contentions of error are overruled.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     December 9, 2009
Date Decided:       December 29, 2009

Do Not Publish