In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00088-CR


______________________________




JED PRUITT HAYES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hunt County, Texas


Trial Court No. CR08001782




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



I. Procedural History 


 Jed Pruitt Hayes appeals from his conviction for driving while intoxicated (DWI), second
offense. He was sentenced to 365 days in the county jail and a $4,000.00 fine. Hayes argues on
appeal that the trial court committed reversible error by allowing his improper impeachment by use
of a 1991 federal conviction when he testified at the guilt/innocence trial and that the evidence is
legally and factually insufficient to support the conviction. In his evidentiary sufficiency argument,
Hayes does not contest his intoxication--only whether he was the person driving the vehicle. 

II. Summary of the Evidence 

 Hayes was arrested in his pickup truck in the driveway to his home. There was evidence that
he was at a bar earlier in the night and that when he got out of the vehicle, he was intoxicated. Two
of his neighbors, Brian Lunsford and Shawn Gilmore, testified that Hayes was driving the vehicle
erratically up and down the road, that he had set a small fire in the open near his house, that they
talked to him about setting fires, and that he became verbally abusive. According to Lunsford, Hayes
had bloodshot eyes and "[y]ou could smell alcohol strong." Lunsford was talking with the deputy
who came when Hayes drove his vehicle down County Road 3408, and Lunsford told the deputy,
"There he goes right there." Gilmore likewise confronted Hayes about setting a fire; Hayes got back
into his truck and drove off. Gilmore noticed his bloodshot eyes, staggering gait, slurred speech, and
a strong smell of alcohol. While Deputy Joe Money was talking with Lunsford and Gilmore, Hayes
drove by and they pointed him out; Money pursued him until Hayes stopped the vehicle in his
driveway. Money saw no one else in the vehicle at that time. Money determined that Hayes was
intoxicated; he called for a highway patrolman so that a breath test could be administered to Hayes. 
He blew over .15 on an Intoxilyzer after being arrested. 

 The defensive theory was set out by the testimony of Michelle Barnaby. She worked at a
restaurant near the bar where Hayes had been drinking. She testified that one of the workers there
called her to ask if she could drive Hayes home and that she did so. She testified that after they had
parked in front of his trailer house, she had gone to use an outdoor bathroom near his home, and
when she saw lights coming up the driveway, she thought it was Hayes' wife, who had been
searching for Hayes. Barnaby did not want to get caught between Hayes and his wife, so she ran to
a neighboring house. 

III. Prior Conviction Evidence--Error Preservation 

 We first address Hayes' contention that the court erred by allowing the State to question him
about an eighteen-year-old conviction. The conviction was for conspiracy to possess a controlled
substance, resulting in an eighty-eight-month sentence. On appeal, Hayes argues that under Tex. R.
Evid. 609(b), because the conviction was more than ten years prior to either the date of conviction
on April 5, 1991, or the date on which the full eighty-eight months would have elapsed (which would
be seven years, four months later, in August 1998), the court erred by allowing questions to be
propounded on that subject. (1) 

 Hayes filed a motion in limine before trial requesting the trial court to order the State not to
mention any extraneous offense until a hearing was held outside the jury's presence to determine
admissibility. When the State attempted to impeach Hayes with this 1991 conviction, Hayes
objected and the trial court conducted a hearing outside the presence of the jury. During that
conversation with counsel, Hayes objected that evidence of the conviction would violate the motion
in limine and that the evidence was prejudicial, but he did not object that the conviction used to
impeach was too remote to be admissible. See id. 

 To properly preserve error with regard to inadmissible extraneous offense evidence, there
must have been a timely request, objection, or motion stating the grounds for the ruling with
sufficient specificity to make the trial court aware of the complaint and secure a ruling. Tex. R. App.
P. 33.1. A motion in limine will not suffice as an objection at trial. Webb v. State, 760 S.W.2d 263,
275 (Tex. Crim. App. 1988). The granting of a pretrial motion in limine will not preserve error; it
is necessary that an objection be made at the time the subject is raised during the trial. Geuder v.
State, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003); Wilkerson v. State, 881 S.W.2d 321, 326 (Tex.
Crim. App. 1994). (2)

 Here, the motion in limine requested that the State be required to approach the bench before
mentioning any extraneous offense. (3) At trial, the objection was that the State had violated the
motion in limine; for that, the trial court has the authority to sanction the offending attorney, (4)
 but an
order in limine is not a ruling on the admissibility of the evidence. 

 Hayes did not object to the remoteness of the conviction at trial; therefore, he failed to
preserve this complaint for our review. See Tex. R. App. P. 33.1(a); Basham v. State, 608 S.W.2d
677, 679 (Tex. Crim. App. [Panel Op.] 1980).

IV. Sufficiency of the Evidence 

 Hayes also contends that the evidence is legally and factually insufficient to support the
verdict. In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the prosecution and determine whether, based on that evidence and reasonable
inferences therefrom, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Laster v. State, 275 S.W.3d 512 (Tex. Crim. App. 2009).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light instead
of the light most favorable to the verdict. We determine whether the evidence supporting the verdict
is either too weak to support the fact-finder's verdict, or, considering conflicting evidence, is so
outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly
wrong and manifestly unjust. Id. at 524; Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008); Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).

 In this analysis, we use a hypothetically correct jury charge to evaluate both the legal and
factual sufficiency of evidence. Grotti v. State, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a
charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase
the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried. Villarreal v. State, 286 S.W.3d
321 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 

 In this case, the sole contested factual issue is whether there was evidence that Hayes was
driving the vehicle. Two neighbors and the arresting officer testified that he was driving a vehicle
on a public highway. Money testified that he followed the vehicle down the roadway until it stopped
in front of Hayes' residence and that although he could not identify Hayes directly as the driver, he
saw only one silhouette inside the cab, saw no one else get out, and that Hayes got out through the
driver's side door. 

 Hayes presented testimony from Barnaby that she had driven him home, with an explanation
of why she was not in the vehicle with Hayes when the police arrived, and from another person
explaining that she had called Barnaby to drive him home. He also testified that the door handle on
the passenger side of the vehicle was nonfunctional; thus, he had to exit through the driver's side
door. 

 The jury is the exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and reconciliation of conflicts in the evidence is within the exclusive province of
the jury. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The jury may choose to
believe some testimony and disbelieve other testimony. Id. In this case, that is precisely what
occurred. Two different theories of the case were presented, each with competent evidence in
support. Not only is the evidence legally sufficient, but we also determine that the State's evidence
is not too weak to support the verdict and the verdict is not manifestly wrong or unjust. Therefore,
the evidence is both legally and factually sufficient to support the verdict. The contentions of error
are overruled.

 We affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: December 9, 2009

Date Decided: December 29, 2009


Do Not Publish

1. We note that the State also provided notice that it might use a prior conviction for DWI in
Hunt County, with the offense occurring June 7, 1996. It seems safe to assume that he was released
from federal prison before that date. 
2. We have previously acknowledged a seldom-applied stricture indicating that a motion in
limine may in some circumstances be sufficient to apprise the trial court of the basis of a subsequent
nonspecific objection at trial. Thomas v. State, 1 S.W.3d 138, 143 (Tex. App.--Texarkana 1999,
pet. ref'd); Snellen v. State, 923 S.W.2d 238, 242 (Tex. App.--Texarkana 1996, pet. ref'd);
Blacklock v. State, 681 S.W.2d 155, 156 (Tex. App.--Houston [14th Dist.] 1984, pet. ref'd). This
situation does not reach that level. The objection was specific, but complained first of the State's
violation of the motion in limine, and second that impeachment was inappropriate. The remoteness
of the prior conviction was not mentioned. 
3. We do not find in the record a written order granting the motion in limine, but the parties
and the trial judge refer to a "violation" of the motion. 
4. See Onstad v. Wright, 54 S.W.3d 799, 806 (Tex. App.--Texarkana 2001, pet. denied).