Samuel Wayne BOSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45600.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Feb. 7, 1973.

---

When the officers entered, Officer Anderton asked where the appellant was, and a woman directed Officers Anderton and Boyd to the bathroom. After Anderton opened the door, he saw the appellant, another man and a woman. The woman was "tying off;" and the other man was standing by. The appellant was holding a syringe and another object which he dropped to the floor and reached for his back pocket. A two-shot Derringer was then taken from appellant's pocket. Officer Adamcik entered the bathroom, whereupon he saw a needle and a syringe in one hand of appellant. Officer Adamcik, noticing that both hands of appellant were clinched, pried them open, and took a syringe and needle from one and a packet of foil from the other. Officer Boyd picked up the packet that the appellant dropped. The contraband was initialed and deposited at the office of the Dallas Police Department.

Appellant argues that the chain of custody was improper and did not link him with the evidence. The record reflects that Officer Adamcik identified State's Exhibit No. 1 as the package containing the brownish powder which he took from appellant. This powder was later determined to be heroin by the toxicologist. Officer Willingham testified that State's Exhibits Nos. 1 and 2 were some of the evidence that he had placed in the lockbox at the Crime Scene Search Section. He further testified that the envelopes were clipped when he received them from Officer Adamcik and he placed them in the lockbox. Officer Wright, the officer who transported the exhibits to Parkland Hospital for analysis, testified that the envelopes were sealed when he took them.

Because one officer testified that the evidence was "clipped" and the other that it was "sealed," appellant contends that someone must have tampered with the envelopes while they were in the evidence box. It is insignificant whether the envelopes were "clipped" or "sealed." Both testified that

James W. Lee, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of heroin. The jury assessed his punishment at life.

Appellant initially challenges the sufficiency of the evidence.

At approximately 2:45 p. m., three officers of the Dallas Police Department, armed with an arrest warrant for the appellant, were admitted entrance to the premises known as 4702 Virginia Avenue in Dallas.

they were closed. There is no evidence nor has there been an attempt to introduce evidence to show that these envelopes had been tampered with while they were in the evidence box. The difference, if any, in the evidence from the time it was taken until the trial was insignificant.

The objection went to the weight rather than the admissibility of the evidence. See Wright v. State, Tex.Cr.App., 420 S.W.2d 411.

> "It is not necessary that an object or article which is offered in evidence should be in precisely the same condition at the moment of its offer as it is at the time when it played a part in the occurrence which gave rise to its offer in evidence, but the change in its condition must not have been wrought for unjustifiable purposes, and it must not be of sufficient moment that the exhibit will mislead." 29 American Jurisprudence, Section 774, page 845.

We hold that the evidence was sufficiently identified for its introduction.

Next, appellant complains that the trial court erred in failing to strike State's Exhibits Nos. 1 and 2 from evidence. Appellant objected on the ground that they were not admissible because a proper predicate had not been laid. The trial court properly overruled his objection. In Russell v. State, Tex.Cr.App., 468 S.W.2d 373, the Court held " . . . that an objection to admission of evidence must be specific and must state the grounds of the objection or the same will not be considered." The Court further said: "Though not raised on appeal, appellant's objection that the proper predicate had not been laid for the introduction of the pistol into evidence is also too general an objection to merit consideration. See 56 Tex.Jur.2d, Sec. 171; Bennett v. State, Tex.Cr.App., 394 S.W.2d 804." Appellant's second ground of error is overruled.

The final ground of error alleging the improper admission of two prior convictions at the punishment stage of the trial was decided adversely to appellant in Boss v. State, Tex.Cr.App., 489 S.W.2d 580 (No. 45,599, this day decided). There is no need to discuss it further in this cause.

No reversible error being shown, the judgment is affirmed.