John Walter BERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56227.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 23, 1980.

Rehearing Denied April 9, 1980.

---

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Stephen R. Chaney, Joe Drago and Paul E. Gartner, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed punishment at twenty-five years.

On June 12, 1976, at approximately 5 p. m., the appellant and Gerald Alexander, the deceased, were in Mr. Magoo's Lounge in Fort Worth. The appellant asked Alexander to leave quite a few times. Appellant offered evidence to show that Alexander had been having sexual relations with appellant's wife. A friend of appellant, Johnny Sillers, a bail bondsman, requested the deceased to leave and when the latter refused to do so appellant produced a pistol and fired a shot above the deceased's head. At that time, the deceased told appellant, "Let's cool it with the guns," and he then ran behind the bar. After a moment had elapsed, the deceased ran from behind the bar to the front door when he was shot five times by appellant as he was attempting to

leave. No witness saw a weapon on Alexander.

Before the appellant shot Alexander, he asked Sillers if he would make his bond. After he was charged, Sillers did make the bond.

Appellant testified that he shot in self-defense when the deceased jumped from behind the bar and that he was afraid that Alexander might attack him.

Shortly after appellant had fled from the scene, he placed a telephone call to the bar and asked to speak to Sillers. The barmaid informed Officer LaRue that appellant was the party calling.

Sillers testified that at the time he picked up the telephone receiver he observed Officer LaRue at the end of the bar on an extension phone preparing to listen to the conversation he was about to have with appellant. Sillers further testified that appellant inquired about the condition of the deceased and said that he would return to the bar "after awhile."

LaRue's version of the conversation between appellant and Sillers, however, was different from Sillers' account. LaRue testified that he heard appellant tell Sillers that he (the appellant) meant to kill the deceased.

Appellant testified that after the shooting he left, went to a lake, got in his boat and dropped the gun in the middle of the lake.

■ Appellant contends that the trial court erred when it failed to read a portion of the testimony to the jury. During their deliberation, the jury requested that the judge read four specific portions of the testimony; two of those requested portions were Sillers' and LaRue's versions of the telephone conversation. The court, after a two-hour search through the court reporter's notes, read LaRue's version of the conversation. The only part of Sillers' version that was read was one statement: "He asked me [Sillers] if he [appellant] had

killed him, and I said 'No.'" Appellant objected on the ground that this was not a complete testimony of Sillers about this conversation. The objection was overruled but the jury was instructed that it was to be their memory of the testimony that controlled.

The complete testimony from Sillers on the conversation was as follows:

"A. He asked me, he said, 'Did I kill him?' And I said, 'No.'

And I said, 'He's all right, you just winged him two or three times.' I said, 'The guy's all right, just come on back over here, come back over here, everything will be all right. If you don't, you're gonna get in some trouble.'

He said, 'All right, I'll be up there after while,' and he never did show up."

Article 36.28, V.A.C.C.P., provides:

"In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial."

In *Pugh v. State*, 376 S.W.2d 760 (Tex.Cr. App.1964), we held that the reading of testimony that went beyond the scope of the jury's request amounted to bolstering the State's case at the expense of the defendant. We find no such harm here. The omitted testimony about Alexander just being hurt was not beneficial to appellant. There is no reversible error.

■ Objections to "have your heard" questions of defense reputation witnesses

were made. They testified that his reputation as a peaceable, law-abiding citizen was good. On cross-examination, each was asked, among other questions, "And you have heard that John Berry is in jail at the present time on contempt?"

In *Brown v. State*, 477 S.W.2d 617 (Tex. Cr.App.1972), the prosecutor asked if the witness had heard that the defendant "had, in the past, threatened to kill his wife," and "had beaten his wife," and "had been convicted of driving while intoxicated." The questions were held to be proper.

The question in the case at bar did not assume or imply that, in fact, Berry was in jail for contempt. See *Moffett v. State*, 555 S.W.2d 437 (Tex.Cr.App.1977); *Carey v. State*, 537 S.W.2d 757 (Tex.Cr.App.1976); *Perry v. State*, 164 Tex.Cr.R. 122, 297 S.W.2d 187 (Tex.Cr.App.1957). This contention is overruled.

The next complaint is that the court erred when it admitted Officer LaRue's testimony concerning the telephone conversation between Sillers and Berry without showing Sillers' consent to LaRue's eavesdropping. The only objection was that the prosecutor had not established the proper predicate.

In *Boss v. State*, 489 S.W.2d 582 (Tex.Cr. App.1972), this Court held that objections to two of the State's exhibits on the ground that the proper predicate had not been laid was properly overruled. *Russell v. State*, 468 S.W.2d 373 (Tex.Cr.App.1971), held:

"  .  .  .  Appellant's objection that the proper predicate had not been laid for the introduction of the pistol into evidence is also too general an objection to merit consideration."

See 5 Tex.Jur.2d, Section 171, and *Bennett v. State*, 394 S.W.2d 804 (Tex.Cr.App.1965). This contention is overruled.

■ Appellant also contends that the trial court should have instructed the jury on (1) his right to continue shooting the deceased until the apparent danger had passed and on (2) his right to shoot the deceased before actual injury was inflicted by the deceased on him. The judge gave an instruction on the law of self-defense and did not limit such right in any way. There was no testimony that Alexander was armed. No weapon was found near him. He was running for the door when he was shot. The testimony does not raise a continuing danger which could justify appellant's continual shooting. No error is shown.

■ Lastly, appellant complains that the trial court should have given his requested instruction on voluntary manslaughter to the jury prior to their deliberations on *punishment*. During the guilt phase, the court stated it would submit a charge on voluntary manslaughter to the jury then. Counsel stated that, because of his "trial strategy", he did not wish to have that instruction submitted. At the punishment phase, appellant then requested that an instruction on voluntary manslaughter be given "in mitigation of punishment." This was denied.

He had been found guilty of murder and was not entitled to a voluntary manslaughter instruction at the punishment stage of the trial.

There is no reversible error. The judgment is affirmed.

ROBERTS, Judge, dissenting.

The appellant argues on appeal that Officer LaRue's evidence about the telephone conversation was obtained illegally because Sillers did not consent to the eavesdropping. The Court avoids the issue by holding that the objection to "predicate" was too general. But the appellant did more than object. After his (admittedly general) objection was overruled, the appellant was allowed to take the witness on voir dire:

"Q  Officer, when you picked up the phone out there and you were listening on the other end?

"A  Yes, sir.

"Q  Prior to doing that, did you ask Johnny Sillers if it was all right if you listened to his conversation?

"A    I didn't. Someone else told, I believe, advised him that a police officer was gonna be—that was a police officer on the other phone that would be listening.

[Objection omitted]

"Q    Did you personally ask Johnny Sillers if you could listen to his conversation?

"A    No, sir, I didn't.

"Q    Did you get permission from him in any other way to listen to his conversation?

"A    No, no, not, not by word of mouth, I didn't.

[DEFENSE ATTORNEY]: "Okay. That's all I have, Your Honor.

"THE COURT: All right. Proceed.

DIRECT EXAMINATION (continued)

BY [PROSECUTING ATTORNEY]:

"Q    It was understood by both you and Johnny that you were on the other phone?

"A    Yes, sir.

"Q    And what did they call each other on this conversation, you remember them using names?"

The appellant again objected to the predicate.

The appellant's voir dire was concerned exclusively and expressly with Sillers' consent. The prosecuting attorney understood that, for he immediately went to the question of consent after the voir dire. In this context, I would hold that it was made tolerably clear to the learned trial court that the objection went to Sillers' consent.

If the merits were reached, I would hold that the State did not meet its burden to show that Sillers consented to the eavesdropping. He was brought back into the

bar and saw LaRue already on the extension; no one is shown to have asked for permission and Sillers said he "wouldn't dare" object, for, "I didn't feel like I had a right to say anything."

Without consent to listen, LaRue's eavesdropping was in violation of 18 United States Code, Section 2511. See *Weiss v. United States*, 308 U.S. 321, 330, 60 S.Ct. 269, 272, 84 L.Ed. 298 (1939) (predecessor statute "contemplates voluntary consent and not enforced agreement to publication"); *United States v. Laughlin*, 223 F.Supp. 623 (D.D.C.1963).* Therefore I would hold that the illegally obtained evidence should have been excluded by authority of V.A.C.C.P., Article 38.23.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing appellant complains of the disposition of his third ground of error on original submission by the panel's majority opinion. He reiterates this ground of error that the trial court committed reversible error by allowing a police officer to testify concerning a telephone conversation between appellant and a third party that took place shortly after the alleged offense in that there was no showing that the appellant or the third party consented to the eavesdropping. He urges that said eavesdropping was an indirect violation of 18 United States Code, § 2511, and cites *United States v. Laughlin*, 223 F.Supp. 623 (D.D.C.1963). He urges reversal of his conviction under the authority of Article 38.23, V.A.C.C.P.

On original submission the panel's majority opinion disposed of appellant's contention by noting that the only objection to the

* There is a subsidiary issue of whether the officer was acting "in the ordinary course of his duties" or using the telephone "in the ordinary course of his business." See 18 U.S.C., Sec. 2510(5)(a). I would not hold that eavesdropping without consent falls within either of those phrases. See *Weiss v. United States*, supra; *United States v. Harpel*, 493 F.2d 346 (10th Cir. 1974); *Campiti v. Walonis*, 611 F.2d 387 (1st Cir. 1979).

police officer's testimony was that the proper predicate had not been laid and held that such an objection is too general an objection to merit consideration citing, inter alia, *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App. 1972); *Russell v. State*, 468 S.W.2d 373 (Tex.Cr.App.1971). The dissenting opinion on original submission pointed out that the voir dire examination of the officer after the objection had been voiced and overruled was concerned exclusively with the third party's consent to the eavesdropping and it was made tolerably clear to the trial court that the objection went to the lack of the third party's consent, although the objection after the voir dire examination again merely stated no predicate had been laid.

■ Upon reconsideration, we determine that there is another basis upon which to dispose of appellant's contention. Johnny Sillers (the third party mentioned above) testified for the State. He related he was in the bar when the appellant shot the deceased and fled from the scene. He testified that shortly thereafter appellant called him at the bar and that when he took the call he knew that officer LaRue was listening in. On direct examination it was established he did then have a conversation with the appellant, but the nature of the conversation was not inquired into. On cross-examination, however, the appellant's counsel elicited from him at least part of the conversation he had with the appellant over the telephone. When officer LaRue was later asked about the conversation he had overheard and the appellant objected for the failure to lay a predicate, the trial court pointed out to counsel that he had already elicited evidence about the same conversation.

Article 38.24, V.A.C.C.P., provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

We conclude that under Article 38.24, supra, the court did not err in permitting officer LaRue to testify concerning the telephone conversation.[1]

Appellant's motion for rehearing is overruled.

ROBERTS and PHILLIPS, JJ., dissent.

---

1. LaRue's version of the telephone conversation between Sillers and the appellant was basically the same as Sillers' version. Both testified appellant inquired about the condition of the deceased and was told by Sillers he (the deceased) *was not too seriously wounded.* LaRue added, however, that appellant stated when he started shooting he had intended to *kill the deceased.*