**Charles Edwin CARLOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59451.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 26, 1980.

Rehearing Denied Jan. 14, 1981.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., and T. Michael Sutton, Jim Johnson and Joe Revesz, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

On August 11, 1976, Jesus Baca, working in the capacity of an undercover police officer, entered the Denmark Bookstore in Dallas for the purpose of "making an obscenity case." While inside the store, Officer Baca selected a magazine entitled "Candid," went to the cashier's counter and purchased the magazine from the appellant. After viewing the magazine's contents with two other officers who had been waiting outside the Denmark, Officer Baca returned to the bookstore and arrested the appellant for the offense of commercial obscenity. A jury found the appellant guilty and assessed his punishment at 120 days' confinement and a fine of $1000.00.

In his first ground of error, the appellant contends that the trial court erred in excluding from evidence a public opinion survey dealing with community standards regarding obscenity. The appellant called only one witness during the guilt-innocence stage of the trial, Dr. Roderick Bell. At a hearing out of the presence of the jury, Dr. Bell testified that in May and June of 1977, he conducted a poll of Dallas County regarding that community's standards as to explicit sexual materials. The trial court refused to admit a summary of this survey's results or to permit the appellant's expert witness to testify before the jury concerning the opinion-poll. For reasons discussed below, we find the exclusion of this evidence was error and accordingly reverse.

The appellant was charged by information with the offense of commercially distributing obscene material while knowing the content of the material. V.T.C.A., Penal Code, Sec. 43.23(a)(1), (1973). At the time of the alleged offense, V.T.C.A., Penal Code, Sec. 43.21(1) as amended, provided the following definition of "obscene:"

"In this subchapter:

(1) 'Obscene' means having as a whole a dominant theme that:

(A) appeals to the prurient interest of the average person *applying contemporary community standards*;

(B) depicts or describes sexual conduct in a patently offensive way; and

(C) lacks serious literary, artistic, political, or scientific value." (Emphasis supplied.)

Under this definition, the issue of what is or is not acceptable according to "contemporary community standards" is a question the jury must resolve before determining whether the particular material distributed is in fact obscene. In other words, the community's contemporary standards regarding obscenity are at issue. Evidence which tends to show such relevant standards would, therefore, assist the jury in resolving the factual issues raised in an obscenity prosecution. In the instant case, the excluded expert testimony and the survey summary were offered by the appellant as evidence of the standards existing in Dallas County concerning explicit sexual materials.

The State advances several arguments in support of its contention that the trial court properly excluded the appellant's expert evidence. It first asserts that the assistance of an expert witness is not needed for a juror to determine community standards and, therefore, exclusion of such evidence is within the trial court's discretion. The State's argument is premised upon *Paris Adult Theater I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), in which the United States Supreme Court held that expert testimony on behalf of the prosecution is not constitutionally required because the allegedly obscene material itself is sufficient evidence for the determination of the question of obscenity. But that holding cannot justify denying a defendant the right to introduce the best evidence he can produce upon a material element of the statutory definition of obscenity. Indeed, in another opinion delivered the same day as *Paris Adult Theater I*, the Supreme Court expressed the view that while expert affirmative evidence upon relevant community standards is not required, a defendant should be free to introduce appropriate expert testimony. *Kaplan v. California*, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); see also *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959).

In *Berg v. State*, 599 S.W.2d 802 (Tex.Cr. App.1980), this Court also recognized the right of a defendant to introduce evidence as to contemporary community standards in a commercial obscenity prosecution. *Berg* held that it was error for the trial court to exclude from evidence certain magazines and films offered by the defendant because such materials were relevant to and probative of the fact issue raised by Section 43.21(1)(A).

■ The public opinion survey in this case, like the materials offered in *Berg*, is evidence which attempts to define the applicable community standards. Although such expert evidence is not required from either the State or the defendant, it is certainly relevant to the determination of a material fact issue. We therefore reject the State's first contention that the trial court could properly exclude the appellant's expert evidence as to contemporary community standards in the exercise of judicial discretion.[1]

■ The State next contends that the exclusion of the public opinion survey from evidence was proper because the poll was taken in May and June of 1977, and, therefore, did not reflect the community standards of August 11, 1976, the date of the alleged offense. The State did not present any evidence in support of its contention, and it is doubtful that the standards at issue did in fact change significantly in this relatively short period of time. But regardless of whether the State's claim is or is not correct, any such alleged defect in the manner in which a poll was conducted should affect only the weight to be accorded the survey results rather than the admissibility of the survey itself. Since the jury is the exclusive judge of the weight to be given to the testimony,[2] the trial court should have permitted the jury to hear and consider the appellant's opinion survey.

The State also contends that the public opinion survey was inadmissible because it dealt with only general opinions regarding obscenity rather than the community's opinion of the particular magazine in question. Although we do not decide the question, it is arguable that the survey would have

1. Although the admissibility of a public opinion survey in a commercial obscenity prosecution has not been previously decided by this Court, we note that other courts have held that properly conducted polls are admissible in an obscenity case to show relevant community standards. *Commonwealth v. Trainor*, 374 Mass. 759, 374 N.E.2d 1216 (1978); *People v. Thomas*, 37 Ill.App.3d 320, 346 N.E.2d 190 (1976); *People v. Nelson*, 88 Ill.App.3d 196, 43 Ill.Dec. 476, 410 N.E.2d 476 (1980). The Supreme Court of Texas has also considered the admissibility of an opinion survey in civil cases, and has held that such "evidence is admissible whether it is considered to be nonhearsay or within the state of mind exception of the hearsay rule." *Texas Aeronautics Commission v. Braniff Airways, Inc.*, 454 S.W.2d 199, 203 (Tex.1970).

2. V.A.C.C.P., Art. 38.04.

been more probative if it had asked whether the particular magazine in question appealed to the prurient interest of the average person. Even so, this would not authorize the trial court to exclude from evidence the public opinion survey offered in this case. The expert evidence would not be rendered inadmissible simply because more probative questions could have been incorporated into the poll. Rather the weakness perceived by the State in appellant's evidence goes only to its weight.

In its final contention the State asserts that the public opinion survey was properly excluded from evidence because it appears to be "somewhat biased." The appellant's expert witness testified extensively concerning the methodology and approach commonly used to conduct an opinion survey. Dr. Bell further testified that such standard procedures were complied with in making the survey offered as evidence in this case. The State does not deny this generally, but points to specific questions as being improper.[3] It is apparently the State's contention that such improper questions are the inevitable result of the "obvious" pressure a pollster in such a situation is under to obtain a favorable survey. Undoubtedly, survey results obtained by active fraud should be excluded from evidence. But we find nothing in the record to suggest the existence of fraud in the instant case. Rather, we are simply confronted with the State's contention that the survey's wording possibly misled or confused the individuals polled. Such an argument should be addressed to the jury in its capacity as the exclusive judge of the weight to be given to the evidence.

The issue presented by the appellant's twelfth ground of error probably will be raised again upon the retrial of this case; therefore, in the interest of judicial economy we shall consider the alleged error. The appellant contends the trial court erred by admitting into evidence the magazine purchased from the appellant by Officer Baca because this evidence was obtained as the result of an illegal arrest. In support of his contention, the appellant argues that a police officer, without a warrant or any other judicial authority, cannot determine that a particular book, film or other item is "obscene" and in his sole discretion arrest an individual for commercially distributing such material.

We overrule the appellant's twelfth ground of error for two reasons. First, an officer need not determine whether the material in question is in fact "obscene" under Section 43.21(1) of the Penal Code in order to make a valid arrest. Instead, a warrantless arrest is proper under Article 14.01(b), V.A.C.C.P., if there is probable cause to believe that a publication commercially distributed in the officer's presence or within his view is obscene. *Price v. State,* 579 S.W.2d 492 (Tex.Cr.App.1979). The magazine in question in this case provided sufficient probable cause for a warrantless arrest of the appellant.

Second, we further find that the admissibility of this magazine does not depend on the validity of appellant's arrest. The magazine was not "seized" incident to an arrest. It was voluntarily sold by the appellant to Officer Baca. "The Fourth Amendment protects against unreasonable searches and seizures, not against 'unreasonable' purchases." *Price v. State, Id.* at 496.

The judgment is reversed and the cause remanded

DOUGLAS, J., dissents.

PICTION OF NUDITY AND SEXUAL ACTIVITIES IN MOVIES AND PUBLICATIONS AVAILABLE ONLY TO ADULTS ARE NOW MORE ACCEPTABLE OR LESS ACCEPTABLE?"

---

3. For example, the State specifically complains of Question No. 13:

"IS IT YOUR OPINION THAT IN RECENT YEARS THE STANDARDS IN DALLAS COUNTY HAVE CHANGED SO THAT DE-