Luis GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00234–CR.

Court of Appeals of Texas, El Paso.

April 14, 1982.

Clyde W. Woody, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Robert Rodriguez, Asst. Dist. Attys., Houston, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

Appellant was convicted by a jury of the misdemeanor offense of promoting obscenity and punishment was assessed by the trial judge at ten days confinement in the County jail and a $400.00 fine. Section 43.23, Vernon's Ann. Penal Code. We affirm.

On January 4, 1980, Officer J. W. Price, Houston Police Department, purchased a magazine entitled "Best of Cum" from the Appellant at the latter's business, Downtown News. The magazine was wrapped in cellophane. The cellophane did not obscure the front and back covers of the magazine, which displayed full-page photographs of males ejaculating onto nude females. Appellant was the only employee in the store.

After the purchase, the officer examined the contents of the magazine and found that it contained one hundred pages of photographs depicting nude males ejaculating onto nude females. Officer Price presented this information by affidavit to a magistrate and served an arrest warrant for the Appellant.

The sufficiency of the evidence supporting the conviction is not challenged. Instead, the Appellant first challenges the constitutionality of Sections 43.21 and 43.23 of the Penal Code, contending that the statutory definitions of obscenity are overbroad, under the standard established in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1972). The brief discusses the three-part test mandated in *Miller*. The test requires that a jury factually determine that: (1) the work taken as a whole must appeal to the prurient interest in sex, (2) the work must portray sex in a patently offensive way, and (3) the work, taken as a whole, must lack serious literary, artistic, political, and scientific value. *Miller* dictates that obscenity is to be judged by contemporary community standards and not by a speculative nationwide standard. In this connection, the Appellant contends that the community standard test is made applicable to the second and third parts of the three-part test and that the Texas statute fails to comply in that regard. We disagree.

■ The Texas statute imposes the local community standard on the first two prongs of the *Miller* test, and we find that it is in compliance with constitutional requirements.

Section 43.21(a)(1) is virtually identical to the format set out in *Miller*. The first prong, prurient interest, is to be assessed by the average person, applying contemporary community standards to the work as a whole. The second prong is similarly related to the local standard by the definition of "patently offensive" contained in subsection (a)(4):

"Patently offensive" means so offensive on its face as to affront current community standards of decency.

In compliance with *Miller*, the statute also specifically lists the types of sexual representations or descriptions which are prohibited. Penal Code Section 43.21(a)(1)(B)(i) and (ii). Subsection (a)(1)(C) requires the absence of the values expressed in the third portion of the *Miller* test. Sections 43.21 and 43.23 are in compliance with constitutional standards and are not overbroad.

■ There is no authority that requires that this State apply the contemporary community standard test to the third prong of the *Miller* test requiring that the material lack serious literary, artistic, political or scientific value. *See, West v. State*, 514 S.W.2d 433 (Tex.Cr.App.1974). Ground of Error No. One is overruled.

In Grounds of Error No. Two and No. Three, Appellant applies his constitutional overbreadth argument to the court's charge. The charge accurately tracks the language of Section 43.21 and 43.23 in defining obscenity and the elements of the offense of promoting obscenity. It includes the previously mentioned definition of "patently offensive". It correctly applies the law to the facts.

■ On oral submission, the Appellant has referred to the recent case of *Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020 (5th Cir. 1981), as authority for his contention that the Texas statutes are unconstitutional and the charge was defective. In that case, reliance was made on certain general language used in *Smith v. United States*, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (U.S.Sup.Ct.1977), that contemporary community standards must be applied by juries in accordance with their own understanding of the tolerance of the average person in their community, and that juries must be so instructed.

If community standards regarding tolerance rather than the community's standards of propriety and taste have now become the constitutional test, then it is our opinion that the Texas statute still meets the guide. The Texas statute is in such general terms in referring to community standards that a court instruction limiting the community

standards to that of tolerance would meet any constitutional objection arising as to the charge and be in complete accord with the Texas statutes. *See, Red Bluff,* 1029.

In this connection, we note that the Appellant never requested that the charge nor its definitions be submitted in terms relating to the community's tolerance. No objection was ever leveled to this claimed defect.

Grounds of Error No. Two and No. Three are overruled.

■ Ground of Error No. Four challenges the sufficiency of the affidavit supporting the arrest warrant. Appellant asserts that the affidavit does not provide sufficient factual detail to permit a neutral magistrate to find probable cause that an offense had been committed or that the Appellant had committed the offense.

The affidavit indicates that the information was personally obtained by the affiant on the same day the warrant was sought, January 4, 1980. The affiant purchased the magazine from a thirty-seven-year old, Latin American male, working as the sole clerk at the latter's place of business, Downtown News. The magazine's front and back covers photographically depicted acts of masturbation and genitals in a state of sexual stimulation or arousal. The covers were in plain view. After the purchase, the officer examined the contents of the magazine and found one hundred pages of photographs depicting acts specifically listed in Section 43.21 of the Penal Code.

Appellant specifically attacks the affidavit with regard to showing probable cause that the affiant knew the content of the magazine, an essential element of the offense. He contends that the statutory presumption of knowledge, created by Section 43.23(e), is essential to the validity of the affidavit and that the presumption is unconstitutional. For reasons stated below, we find the presumption constitutionally permissible, and consequently, adequate support for the issuance of the arrest warrant.

Even without the statutory presumption, the affidavit provides sufficient facts to support a finding of probable cause. The affidavit recites timely, personal observation by the affiant of the Appellant's sale of the magazine. The description of the covers of the magazine sufficiently demonstrates material within the ambit of Section 43.21. The general common law rule that intent or knowledge may be inferred from conduct is applicable.

Observations equivalent to those presented in this affidavit were held sufficient to justify warrantless arrests in *Carlock v. State,* 609 S.W.2d 787 (Tex.Cr.App.1980), and *Price v. State,* 579 S.W.2d 492, 494–95 (Tex.Cr.App.1979). Ground of Error No. Four is overruled.

In Ground of Error No. Five, Appellant contends that the presumptions created by Section 43.23(e) and (f) are unconstitutional, and that, consequently, the information should have been quashed. He does not raise on appeal the inclusion of the presumptions on the court's charge.

Subsection (e) of the statute provides that:

A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.

This statutory presumption was included in the court's charge. "Promote" was also defined in the charge, in accordance with the statutory definition contained in Section 43.21(a)(5).

■ The constitutionality of the first presumption was not necessary for the issuance of the warrant, as noted above. Nor is it an appropriate issue for challenging the information, which on its face states a criminal offense without reliance on the presumption. For these reasons alone, Ground of Error No. Five is without merit.

■ Beyond this, the presumption created by subsection (e) is not unconstitutional. *Volkland v. State,* 510 S.W.2d 585, 587 (Tex. Cr.App.1974).

Appellant's reliance on *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), is inappropriate. *Smith* declared the California obscenity statute unconstitutional for establishing a strict liability offense. The Texas statute does not dispense with mental culpability. It merely provides an evidentiary presumption as to that element, which may or may not arise from the facts of the particular case.

Appellant further relies on *Sandstrom v. Montana*, 442 U.S. 510, 514–515, 99 S.Ct. 2450, 2454–2455, 61 L.Ed.2d 39, 45 (1979). In that case, the statutory presumption was invalidated because the manner in which it was presented to the jury rendered it irrebuttable. No instruction was given to the jury indicating their freedom to accept or reject the presumption even if the premise were proven. That is not the case here, where the trial court properly instructed the jury in accordance with Section 2.05 of the Penal Code as follows:

A person who promotes obscene material in the course of his business is presumed to do so with knowledge of its content and character.

You are charged that the facts giving rise to the presumption must be proven beyond a reasonable doubt. If such facts are proven beyond a reasonable doubt you may find that the element of the offense sought to be presumed exists, but you are not bound to so find. If you have a reasonable doubt as to the existence of the fact or facts giving rise to the presumption, the element to which the offense charged, you should acquit the defendant and say by your verdict not guilty.

Section 2.05 and its application to the presumption in the charge prevent the subsection (e) presumption from running afoul of *Sandstrom*.

In *Shinall v. Worrell*, 319 F.Supp. 485 (E.D.N.C.1970), a federal district court struck down the North Carolina statutory presumptions similar to those contained in the Texas statute. The decision must, however, be viewed in light of the court's disapproval of the entire North Carolina obscenity statute. The third prong of the *Miller* test was totally omitted, and the second prong was unconstitutionally overbroad. The Texas statutory scheme does not suffer from these defects.

The other cases relied upon by the Appellant involved statutory presumptions in which the rational link between premise and conclusion was too tenuous to accept. In *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the court set out the requirements for a constitutionally acceptable criminal presumption. There must be substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. *Id.* at 36, 89 S.Ct. at 1548, 23 L.Ed.2d at 82. In *Leary*, the court invalidated a federal statutory presumption that knowledge of illegal importation may be inferred from simply possession of marijuana. The opinion stated that there was no rational connection between the fact proved and the ultimate fact presumed. The inference was arbitrary in light of common experience. *Id.* at 33–34, 89 S.Ct. at 1546–1547, 23 L.Ed.2d 80–81.

The 43.23(e) presumption withstands the test of *Leary*. The jury must find "promotion" statutorily defined as selling, transferring, distributing, circulating or exhibiting. It must further find that the promotion was in the course of the actor's business. The presumptive link is rationally founded on an expectation that a merchant, seeking to maximize profits and operate a successful business, will know the features of his wares. The presumption is, therefore, constitutionally sound, both in substance and in the procedural manner of its application. Ground of Error No. Five is overruled.

■ In Ground of Error No. Six, Appellant complains of error in the admission of the magazine in a substantially altered form. At the time of purchase, the magazine was wrapped in a clear cellophane wrapper. When introduced in evidence, the wrapper had already been removed.

The original appearance of the magazine was uncontested at trial. The evidentiary

basis for Appellant's defense of lack of knowledge was adequately presented to the jury. The State had a right and obligation to place the contents of the magazine before the jury. The testimony and the introduction of the magazine, without the cellophane wrapper, could not have misled the jury. *Boss v. State*, 489 S.W.2d 582, 584 (Tex.Cr.App.1972).

Testimony as to the chain of custody of the magazine, from purchase to introduction, adequately demonstrated that no alteration of the magazine itself had taken place. Ground of Error No. Six is overruled.

In Ground of Error No. Seven, Appellant asserts that the information was insufficient in its description of the obscene material. The pleadings alleged a magazine entitled "The Best of Cum," and below that "Gourmet Special No. 2." He contends that this indicates the seized magazine was in fact one of a series. Failure to allege the issue number deprived him of adequate notice and prevents him from pleading the judgment in bar of subsequent prosecution. We disagree.

The description was more detailed than that contained in the information approved in *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Cr.App.1980). In that case, the information merely alleged an obscene film, without specifying the title. The evidence disclosed that the film did have a title. The notice was held sufficient. The evidence of the film itself was available to support a special plea to subsequent prosecution.

The same is true in this case. In fact, if the inference of a "Best of Cum" series is correct, the State's pleadings could provide an expanded special plea protection, extending to all issues rather than just "Gourmet Special No. 2." Presumably, to promote one issue is to promote the entire series. Ground of Error No. Seven is overruled.

Ground of Error No. Eight alleges a fatal variance between the pleadings and the proof. We find no fatal variance in this case. The title of the magazine was proven as alleged. Evidence as to the special issue number of the magazine is proof of facts additional to, but not different from, the allegations in the pleading. Ground of Error No. Eight is overruled.

Appellant's final ground of error alleges improper jury argument. The State's attorney made the following statement:

There was a famous Justice that once said, "I can't define obscene but I know it when I see it."

Well, we have tried to give you a definition for obscenity, but I submit to you that doesn't matter because when you see this you'll know obscenity.

Appellant's objection was overruled. He contends that the argument was contrary to the law and necessitates reversal.

Examining the statement in the context of the remainder of the argument, we conclude that counsel's comment was in reference to the strength of the evidence and degree of obscenity displayed by the magazine. It was not a comment on the law or an invitation to disregard the required constitutional and statutory standards. Immediately prior to this comment, the prosecutor related the magazine to the three-prong test established in *Miller* and codified in Section 43.21. Following the comment, he concluded his argument by reference to the contemporary community standards test. The argument and ruling of the court do not present reversible error. Ground of Error No. Nine is overruled.

The judgment of the trial court is affirmed.