Siale v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-199-CR

MAVAE TANGI SIALE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mavae Tangi Siale appeals his conviction for aggravated assault causing serious bodily injury.  In two points, appellant contends that the trial court erred in admitting photographs of the complainant’s injuries and the complainant’s medical records.  We affirm.

The parties are familiar with the facts, and the applicable law is well settled.
 

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will reverse only if the trial court's decision falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh’g); 
Couchman v. State
, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 2003, pet. ref’d).

In his first point, appellant contends that the trial court erred in admitting photographs of the complainant’s injuries because their probative value was substantially outweighed by their prejudicial effect.

A trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.  
Tex. R. Evid.
 403.  Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis.  
Montgomery, 
810 S.W.2d at 389. In deciding whether evidence should be excluded under rule 403, the court must weigh the probative value of the evidence, the evidence’s potential to impress the jury in some irrational, yet indelible, way, the time needed to develop the evidence, and the proponent's need for the evidence.  
Erazo v. State
, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); 
Reese v. State
, 33 S.W.3d 238, 242 (Tex. Crim. App. 2000).  When photographs are at issue, the court should also consider the number and size of the photographs, whether they are in color or black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered since the crime in some way that might enhance the gruesomeness of the photograph.  
Erazo, 
144 S.W.3d at 489; 
Reese, 
33 S.W.3d at 241.

In this case, the trial court admitted nine 8 x 10 inch color photographs of the complainant that were taken at the hospital.  Eight of the photographs show the complainant’s head and one shows his hand.  In the head shots, the complainant is intubated and appears to be sleeping or unconscious.  Multiple cuts and bruises are visible on his face, and his hair looks blood-soaked.  The close-up shot of the complainant’s hand reveals a cut on his thumb.

The probative value of the photographs was not substantially outweighed by the danger of unfair prejudice.  To prove that appellant committed the charged offense, the State had to show that he caused the complainant serious bodily injury.  
See
 
Tex. Penal Code Ann.
 § 22.02(a)(1) (Vernon Supp. 2004-05).  The photographs were relevant to show the nature of the wounds suffered by the complainant.  Therefore, the photographs had probative value.  
See Erazo
, 144 S.W.3d at 494.  The State’s need to introduce the photographs to establish the complainant’s injuries was not eliminated by the admission of other medical evidence of those injuries.  
See Chamberlain v. State
,  998 S.W.2d 230, 237 (Tex. Crim. App. 1999).  Moreover, the photographs had little potential to impress the jury in some irrational, yet indelible, way because they were not particularly shocking or gruesome.  And the State used a minimal amount of time to introduce them.  Accordingly, we overrule appellant’s first point. 

In his second point, appellant contends that the trial court erred in admitting the complainant’s medical records because the State failed to establish a proper predicate for their admittance.  We overrule this point because appellant’s objection at trial, that there was “no predicate for [the records] at this point,” was too general to preserve error. 
 See Williams v. State
, 596 S.W.2d 862, 866 (Tex. Crim. App. 1980); 
Boss v. State
, 489 S.W.2d 582, 584 (Tex. Crim. App.1972).  Having overruled both of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 June 30, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.