COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-199-CR
 
 
MAVAE 
TANGI SIALE                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Mavae Tangi Siale appeals his conviction for aggravated assault causing serious 
bodily injury.  In two points, appellant contends that the trial court 
erred in admitting photographs of the complainant’s injuries and the 
complainant’s medical records.  We affirm.
        The 
parties are familiar with the facts, and the applicable law is well settled.
        We 
review a trial court's ruling on the admissibility of evidence under an abuse of 
discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. 
Crim. App. 2000).  We will reverse only if the trial court's decision falls 
outside the zone of reasonable disagreement.  Montgomery v. State, 
810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh’g); Couchman v. 
State, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 2003, pet. ref’d).
        In 
his first point, appellant contends that the trial court erred in admitting 
photographs of the complainant’s injuries because their probative value was 
substantially outweighed by their prejudicial effect.
        A 
trial court may exclude relevant evidence if its probative value is 
substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  Evidence is 
unfairly prejudicial when it has an undue tendency to suggest that a decision be 
made on an improper basis.  Montgomery, 810 S.W.2d at 389.  In 
deciding whether evidence should be excluded under rule 403, the court must 
weigh the probative value of the evidence, the evidence’s potential to impress 
the jury in some irrational, yet indelible, way, the time needed to develop the 
evidence, and the proponent's need for the evidence.  Erazo v. State, 
144 S.W.3d 487, 489 (Tex. Crim. App. 2004); Reese v. State, 33 S.W.3d 
238, 242 (Tex. Crim. App. 2000).  When photographs are at issue, the court 
should also consider the number and size of the photographs, whether they are in 
color or black and white, whether they are gruesome, whether any bodies are 
clothed or naked, and whether the body has been altered since the crime in some 
way that might enhance the gruesomeness of the photograph.  Erazo, 
144 S.W.3d at 489; Reese, 33 S.W.3d at 241.
        In 
this case, the trial court admitted nine 8 x 10 inch color photographs of the 
complainant that were taken at the hospital.  Eight of the photographs show 
the complainant’s head and one shows his hand. In the head shots, the 
complainant is intubated and appears to be sleeping or unconscious.  
Multiple cuts and bruises are visible on his face, and his hair looks 
blood-soaked.  The close-up shot of the complainant’s hand reveals a cut 
on his thumb.
        The 
probative value of the photographs was not substantially outweighed by the 
danger of unfair prejudice.  To prove that appellant committed the charged 
offense, the State had to show that he caused the complainant serious bodily 
injury.  See Tex. Penal Code 
Ann. § 22.02(a)(1) (Vernon Supp. 2004-05).  The photographs were 
relevant to show the nature of the wounds suffered by the complainant.  
Therefore, the photographs had probative value.  See Erazo, 144 
S.W.3d at 494.  The State’s need to introduce the photographs to 
establish the complainant’s injuries was not eliminated by the admission of 
other medical evidence of those injuries.  See Chamberlain v. State, 
998 S.W.2d 230, 237 (Tex. Crim. App. 1999).  Moreover, the photographs had 
little potential to impress the jury in some irrational, yet indelible, way 
because they were not particularly shocking or gruesome.  And the State 
used a minimal amount of time to introduce them.  Accordingly, we overrule 
appellant’s first point.
        In 
his second point, appellant contends that the trial court erred in admitting the 
complainant’s medical records because the State failed to establish a proper 
predicate for their admittance.  We overrule this point because 
appellant’s objection at trial, that there was “no predicate for [the 
records] at this point,” was too general to preserve error.  See 
Williams v. State, 596 S.W.2d 862, 866 (Tex. Crim. App. 1980); Boss v. 
State, 489 S.W.2d 582, 584 (Tex. Crim. App.1972).  Having overruled 
both of appellant’s points, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
  
  
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.